# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER ELEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-10-1056 |
| JUNE BRITTINGHAM | * | |
| Defendant | * | |

***

## MEMORANDUM

The above-captioned civil rights action, filed on April 28, 2010, alleges that Plaintiff is being denied access to the prison law library in violation of his constitutional right of access to courts. Paper No. 1. He seeks injunctive relief requiring updating of legal materials in the prison law library and an order commanding his access to legal materials. *Id*. Plaintiff includes with his filing a Motion to Proceed In Forma Pauperis which shall be granted. Paper No. 2.

Plaintiff states he filed a Petition for Writ of Habeas Corpus in this Court without benefit of a supporting Memorandum of Law. He claims he was forced to do so due to the inadequate materials available and now must rely on this Court to grant his motions for extension of time to complete his research and file the memorandum. Paper No. 1. Attached to the complaint is a response to Plaintiff's request for legal materials indicating that he was being denied a copy of Black's Law Dictionary because a book he previously checked out was returned in poor condition, not, as Plaintiff alleges, because he is assigned to segregation. *Id*. at pp. 8 -- 9.

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an

inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The injury alleged by Plaintiff is his inability to file a Memorandum of Law in support of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254; however, a Memorandum of Law is not a required pleading. Under the Rules Governing Section 2254 Cases, the Petitioner must:

>   (1) Specify all the grounds for relief available to the petitioner;
> 
>   (2) State the facts supporting such ground;
> 
>   (3) State the relief requested;
> 
>   (4) Be printed, typewritten, or legibly handwritten; and
> 
>   (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner.

Rule 2(c), *Rules Governing Section 2254 Cases in the United States District Courts*.

As a Section 1983 claim for damages, the Complaint fails to state a claim because it fails to specify actual injury. As a claim for injunctive relief, the Complaint also fails. A preliminary injunction affords an extraordinary remedy prior to trial relief that can be granted permanently after trial. Thus the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008). In the instant case Plaintiff is unlikely to succeed on the merits of his claim as he has suffered no actual injury. Furthermore, prisoners incarcerated in

Maryland also have access to persons trained in law.[1] In addition, Plaintiff is unlikely to suffer irreparable harm absent injunctive relief because he has not been denied additional time to supplement his petition. *See Eley v. Green*, Civ. Action WMN-10-1005 (D. Md.). Accordingly, by separate Order which follows, the Complaint shall be dismissed.

/s/

 5/6/10 
Date

William M. Nickerson
United States District Judge

---

[1] The organization providing legal advice to prisoners in Maryland is PRISM, P.O. Box 929, Chestertown, Maryland 21620.